# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ROBERT ANDREW STEVENS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-1129-SM |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Robert Andrew Stevens (Plaintiff) brings this action for judicial review of the Defendant Commissioner of Social Security's final decision he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Docs. 6, 12.[1] Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court affirms the Commissioner's decision.

---

[1] Citations to the parties' pleadings will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C. Relevant findings.**

**1. Administrative Law Judge (ALJ) findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. *See* AR 15-33; *see also* 20 C.F.R. § 404.1520(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, the ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since his alleged onset date of January 7, 2015;

(2) had the severe impairments of obesity, degenerative disc disease, degenerative joint disease, status post thoracic spine fusion, status post knee surgery, hypertension, and major depressive disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except he can never climb ladders, ropes or scaffolds, he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, he can frequently reach with the right upper extremity, he can use a cane for ambulation, and he can understand, remember and perform simple, routine, repetitive tasks;

(5) could not perform his past relevant work but could perform jobs that exist in significant numbers in the national economy, such as document specialist, clerical mailer, and touch-up screener; and so,

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

(6) was not disabled.

AR 17-33.

## 2. Appeals Council findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the ALJ's unfavorable decision is the Commissioner's final decision in this case. *Id.* at 1-6; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011) (citation omitted).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). In applying that standard, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B. Issues for judicial review.

Plaintiff argues the ALJ's step-5 determination is not supported by substantial evidence because the three jobs identified by the Vocational Expert (VE) and relied upon by the ALJ inherently conflicted with his RFC limiting him to simple, routine, and repetitive tasks and the ALJ did not reconcile this conflict. Doc. 15, at 9-10. He asserts the three jobs, which included document

4

preparer, clerical mailer, and touch-up screener, require a reasoning level of three or two and his "mental limitations" preclude him from performing jobs above a reasoning level of one.[3] *Id.* at 11-13. The Commissioner disputes Plaintiff's contention arguing there is no "apparent unresolved inconsistenc[y]" between the VE's testimony and the DOT because the GED Scale "describes generally the education expected for a job" and "does not reasonably correlate to RFC." Doc. 18, at 6. Upon consideration, the Court concludes an apparent conflict is present but does not require reversal in this case.

**C.    Analysis.**

The ALJ's RFC determination with respect to Plaintiff's mental work capacity limited Plaintiff to simple, routine, and repetitive tasks. AR 20, 32. When the ALJ posed this mental limitation to the VE at the hearing, the VE identified three jobs available nationally and throughout Oklahoma which could be performed by a hypothetical person with Plaintiff's mental RFC. AR 73. Based on the DOT description of these jobs, the first job, document preparer, requires a reasoning level of three, and the second and third jobs, clerical mailer and touch-up screener, both require a reasoning level of two.

---

[3]     Plaintiff cites the General Education Development (GED) Scale which includes six reasoning levels. DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702. Doc. 15, at 10.

*See* DOT § 249.587-018, 1991 WL 672349; DOT § 209.587-010, 1991 WL 671797; DOT § 726.684-110, 1991 WL 679616.

At step five, the ALJ must "investigate and elicit a reasonable explanation for any conflict" between the DOT and a VE's testimony. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). Although the ALJ asked the VE to advise her of any inconsistency between the VE's testimony and the DOT, the VE did not indicate any contradiction between Plaintiff's mental RFC and the DOT with respect to the three proposed jobs. AR 70, 73.

The DOT states that level-three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702. Level-two reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* Plaintiff argues the proposed jobs cannot be performed by him "because his mental limitations preclude jobs requiring a reasoning level of two or three." Doc. 15, at 10.

The Tenth Circuit has indicated that a limitation to simple work is consistent with level-two reasoning but not level-three reasoning. *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (stating that a

limitation to simple and routine work tasks "appears more consistent" with level-2 reasoning than with level-three reasoning); *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (holding that a limitation to simple, repetitive work was "consistent with the demands of level-two reasoning"). In *Hackett*, the Court addressed the two jobs identified by the VE which required a reasoning level of three and stated the claimant's RFC limiting him to "simple and routine work tasks" seemed inconsistent with the demands of level-3 reasoning. 395 F.3d at 1176 (internal quotation marks omitted). The Court observed that level-two reasoning appeared "more consistent" with the claimant's RFC. *Id.* Finding "no indication in the record that the VE expressly acknowledged a conflict with the DOT or that he offered any explanation for the conflict," the Court reversed and remanded so the ALJ could address the "apparent conflict." *Id.* at 1175-76.

Here, the ALJ limited Plaintiff to performing "simple, routine, repetitive tasks." AR 20. As this RFC appears incompatible with level-three reasoning, an apparent conflict exists between the VE testimony, related to the job of document preparer, and the DOT. *Hackett*, 395 F.3d at 1176; *see also Cain v. Berryhill*, 2018 WL 1247876, at *3 (N.D. Okla. Mar. 9, 2018) (finding an apparent conflict between VE's testimony concerning jobs with level-three reasoning and claimant's RFC of simple, routine, and repetitive tasks which required reversal and remand to the ALJ to resolve the conflict).

Pointing to unpublished cases, the Commissioner asserts the GED reasoning levels do not have a direct correlation to actual mental requirements and instead only "describe general educational background." Doc. 18, at 6 (citing *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) and *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012)). Explaining that the "relevant" issue is the Specific Vocational Preparation (SVP) level, as opposed to the GED reasoning level, the Commissioner argues there is no conflict because Plaintiff's RFC of unskilled work and the jobs proposed by the VE and relied upon by the ALJ in the decision. *Id.*

The Commissioner's argument to disregard the GED reasoning levels when addressing a job's mental demands has been repeatedly rejected by this Court. *See Clark v. Colvin*, No. CIV-14-1294-L, 2016 WL 1171153, at *6 (W.D. Okla. Feb. 26, 2016) ("The undersigned declines to conclude, as urged by the Commissioner, that GED reasoning levels 'can be disregarded when addressing the mental demands of jobs listed in the DOT.'" (quoting *Ward v. Colvin*, No. CIV-14-1141-M, 2015 WL 9438272, at *3 (W.D. Okla. Sep. 17, 2015))), *adopted by* 2016 WL 1178807 (W.D. Okla. Mar. 23, 2016). And, "to the extent it might be said that *Anderson* and *Mount* differ from *Hackett*, the Court is compelled to follow the Tenth Circuit's published decision in *Hackett*." *Cain*, 2018 WL 1247876, at *4 (citing *Paddelty v. Colvin*, No. CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. July 1, 2016)); *see also Farris v. Berryhill*, No. CIV-

8

16-0359-HE, 2017 WL 2303531, at *1, *6-7 (W.D. Okla. May 25, 2017) (adopting the magistrate judge's rejection of the Commissioner's reliance on *Anderson* and *Mounts* and finding, under *Hackett*, the ALJ erred in limiting plaintiff to "simple and routine" tasks but finding he could perform a job with a reasoning level of three without "addressing such conflict in the decision").

Although the ALJ stated in her decision that "the vocational expert's testimony is consistent with the information contained in the [DOT]," *see* AR 32, an inconsistency between the VE's testimony and the DOT does in fact exist based on Plaintiff's RFC. *Hackett*, 395 F.3d at 1176. Despite this inconsistency, however, a remand is unnecessary because the conflict is harmless given the ALJ's additional findings showing Plaintiff could perform two additional jobs, both with a reasoning level of two, which exist in significant numbers in the national economy. AR 32.[4] *See, e.g., Anderson*, 514 F. App'x at 764 (noting if "there was a conflict between the VE's testimony and the DOT, the ALJ's failure to resolve the alleged conflict was harmless error"

---

[4] The VE testified there are 500 clerical mailer jobs in Oklahoma and 40,000 in the national economy. AR 73. In addition, the VE testified there are 600 touch-up screener jobs in Oklahoma and 50,000 in the national economy. *Id.* Therefore, even if the Court found Plaintiff could not perform the job of document preparer, a significant number of jobs exist in the national economy which Plaintiff can perform. *See Stokes*, 274 F. App'x at 684 (citing VE's testimony regarding two out of the four jobs considered by the ALJ and finding, no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where [the claimant] lives or several regions of the country").

9

because the VE identified at least two occupations with a reasoning level of one); *see also Cain*, 2018 WL 1247876, at *4 ("The ALJ's decision may nevertheless be upheld, despite the ALJ's failure to elicit a reasonable explanation for the apparent conflict in [the claimant's] RFC and the level-three reasoning required of a document specialist and surveillance system monitor systems, if other identified positions exist in significant numbers in the national economy that do not conflict with [the claimant's] RFC.").

While Plaintiff argues his RFC also eliminates these remaining two jobs, Doc. 15, at 12, the Tenth Circuit has rejected the notion that a "limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning level rating of one." *Stokes*, 274 F. App'x at 684; *see also Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that [the claimant's] work be simple, routine and repetitive."); *Forssell v. Berryhill*, No. CIV-18-94-STE, 2018 WL 6440882, at *8 (W.D. Okla. Dec. 7, 2018) (finding Plaintiff's limitations of "performing simple, routine, and repetitive tasks" did not "inherently conflict with reasoning level two"); *Northcraft v. Berryhill*, No. CIV-16-1476-R, 2018 WL 1115213, at *2 (W.D. Okla. Mar. 1, 2018) (finding Plaintiff, who had "marked difficulties understanding, remembering, and carrying out detailed instructions," could perform work with a reasoning level of two); *Couch v. Berryhill*, 2017 WL 1194344, at *4 (E.D. Okla. Mar. 13, 2017) ("In accordance

with the court's findings in *Hackett*, a restriction to simple work is consistent with this reasoning level [of two]."); *Roth v. Colvin*, No. CIV-16-2-D, 2017 WL 394676, at *9 (W.D. Okla. Jan. 11, 2017) (finding that an RFC determination allowing a plaintiff to perform jobs with "simple[,] repetitive, routine instructions and work decisions" was "consistent with 'reasoning level 2'"), *adopted by* 2017 WL 395215 (W.D. Okla. Jan. 27, 2017); *Goleman v. Colvin*, No. CIV-15-972-HE, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (where RFC limited claimant to "simple, routine, repetitive instructions," "[t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two"). The ALJ properly relied on the jobs identified by the VE with a reasoning level of two.

Under *Hackett* and this Court's holdings, the undersigned finds Plaintiff's RFC and the reasoning level-two requirement for both clerical mailer and touch-up screener appear consistent. Thus, there was substantial evidence supporting the ALJ's step-five decision.

## III. Conclusion.

For the reasons discussed above, the court **AFFIRMS** the Commissioner's final decision.

**ENTERED** this 13th day of June, 2019.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE